UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| SAPRINA R. ALMOSRATI and<br>LINDSEY MOATE,<br><br>             Plaintiffs,<br><br>v.<br><br>SCOTCH INVESTMENT CORP.,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 11-CV-1301-JWL-JPO<br>)<br>)<br>)<br>)<br>) |

## AGREED PROTECTIVE ORDER

On this 6th day of January, 2012, the Court considers the parties' joint submission for an Agreed Protective Order, pursuant to the provisions of Fed. R. Civ. P. 26(c), which will preserve and protect from disclosure personnel information concerning current and/or former employees, and confidential commercial information of Defendant that has been designated by any party as "Confidential." The parties agree to limit the accessibility of said information to the court reporter and his or her agents, to the parties, and to the parties' attorneys and their staffs.

1.  This Protective Order is being entered for good cause shown. Specifically, some of the documents that will be produced in this case contain confidential employment, personal, financial, and/or medical information regarding plaintiff and/or other employees and/or former employees of Defendant. In addition, some of the deposition testimony that has been and will be elicited in this case concerns issues that would cause embarrassment or otherwise draw unwanted attention to persons who are not parties to this case if it was publically disclosed. Moreover, some of the documents that will be produced contain confidential commercial information of Defendant.

2.  This Protective Order shall govern all documents and information produced by

the parties that are designated by the producing party as confidential and subject to this Order. The parties shall act in good faith to designate only such documents as they believe are subject to protection. The parties shall designate material as confidential and subject to this Order by placing the following marking on the document in a manner which will not interfere with its legibility:

CONFIDENTIAL
Subject to Protective Order

The following categories of documents contain information that may be designated as Confidential: plaintiff's financial and medical information, personnel records and payroll information for Defendant's current and/or former employees, and confidential commercial information regarding Defendant's business practices and procedures.

3. This Protective Order shall apply to and govern all documents and information designated by the parties as confidential whether or not such documents or information are informally produced or produced in response to a formal discovery request in this case. The parties may designate their responses to other discovery requests and deposition testimony as confidential and protected by this Order. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony so identified shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel has ten (10) days after receiving the transcript of the deposition to notify the parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protections of this Order.

4. Should any party want to file with the Court confidential documents and information produced or presented by any other party, the parties will first consult each other and, if the parties agree that the particular document(s) should be filed under seal, the parties will

submit a joint motion with the Court seeking leave to file the particular document(s) under seal. If the parties cannot come to an agreement, the party wanting to file confidential documents and information shall first move the Court seeking leave to allow confidential documents and information to be filed under seal, or, in the alternative, to strike the confidential designation.

5. In the event that a party has not moved to file a document under seal before a filing deadline, the party shall file the motion to seal electronically and separately submit the document or pleading it seeks to seal to the Court and the opposing party. Within five (5) days of the Court ruling on the motion, the documents or pleading shall be filed with the Clerk. The document or pleading will be deemed filed as of the date the motion to seal was filed. In the event that a party has not received a decision on a motion to seal before a filing deadline, the party shall submit the document or pleading it sought to seal to the Court and opposing party, and such document or pleading shall be deemed filed as of the date of such submission. In either situation, the party shall also electronically file a notice with the Clerk of the Court stating that it has submitted such documents or pleadings to the Court and opposing counsel pending a determination of the motion to seal.

6. Any party filing a motion or exhibits under seal must comply with the local rules for filing documents under seal. D. Kan. R. 5.4.6.

7. No documents or information designated as confidential shall be filed with this Court without the appropriate safeguards. The Clerk of the Court is directed to maintain such documents under seal, to be made available only to the Court and counsel of record for the parties, as herein provided.

8. No portion of the documents marked confidential and filed with this Court shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the party to whom said documents belong.

9. Except as otherwise directed by this Court, the documents and information produced by the parties and protected by this Order shall be revealed only to: (a) parties in the above titled action, including officers and employees of any party; (b) counsel of record, including law firm employees, for the parties in this action; (c) in-house counsel for a party and their associates, paralegals, and office staff; (d) outside experts, consultants, and analysts retained or consulted for the purpose of assisting a party in the preparation and trial of this case provided that the expert, consultant, or analyst, before he or she reviews and/or has access to such information, signs the attached Acknowledgment agreeing to be bound by the terms and conditions of this Protective Order; (e) non-party witnesses in this case, provided that he or she, before reviewing and/or receiving access to such information, signs the attached Acknowledgment agreeing to be bound by the terms and conditions of this Protective Order; (f) the Court and Court personnel for any purpose the Court finds necessary; (g) witnesses being deposed to the extent a reasonable basis exists for disclosing the confidential material to the witness; provided, however, the witness will not be given a copy of such confidential documents or information except if it is in conjunction with the witness' review of that witness' deposition; (h) the court reporter(s) or his or her agents assigned to this case; and (i) jurors and Court personnel at trial of plaintiff's action, as necessary for trial purposes. With the exception of Court personnel and members of a jury, no person entitled to access protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect, or examine the materials protected herein.

10. Each party who reviews or inspects confidential documents or materials subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power.

11.     The documents and information produced pursuant to the terms of this Order shall be used by the party to which said documents are produced for the sole and limited purpose of preparation for, trial, and appeal of the above captioned matter, and shall not be used for any other purpose unless ordered by this Court, or another court with jurisdiction, or any administrative agency with jurisdiction.

12.     Following termination of the litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential.  The jurisdiction of the United States District Court for the District of Kansas to enforce the Protective Order shall terminate upon the final disposition of this case, but a party may seek leave to reopen the case after termination of the litigation to enforce the provision of the Protective Order.

13.     Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information, nor shall any provision of this Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated.  If any party elects to challenge the designation of confidentiality of any document or information pursuant to this Order, that party shall, in writing, notify the party to which the challenged document or information belongs of its challenge.  Within ten (10) days of the receipt of such written notice, the party to which the challenged document belongs will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation.  Thereafter, the challenging party may move the Court for an order removing the protections established by this Order.  The burden of establishing confidentiality, once challenged by the above procedure, is upon the party producing the document or providing the information.  All documents, testimony, or other materials designated by the party as

5

confidential, however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including appeal.

14. By entering into this Protective Order, the parties are not precluded from objecting to the production of any confidential documents or information protected by this Order, nor is a party precluded from compelling the other to produce the same. Nothing herein is meant to waive any privilege which the parties may assert in regard to any confidential documents or information protected by this Order.

15. Violation of any provision of this Protective Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to them for breach of the terms of this Order.

16. Any notice to a party required by this Order may be given by notifying that party's counsel of record in this case or the party directly if the party is not represented by counsel. Any act by a party required by this Order may be performed by that party's counsel of record or the party directly if the party is not represented by counsel.

The parties have stipulated to the propriety of such a Protective Order, and thus, for good cause shown,

IT IS, THEREFORE, BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED that relevant personnel records and other confidential information regarding employees and/or former employees, and confidential commercial information of Defendant shall be made accessible to the parties and the attorneys for the parties. The parties and their attorneys shall not jointly or severally disclose to or share with any other person the documents and/or information contained in said records, except as provided for herein, without further order by this Court.

    IT IS BY THE COURT SO ORDERED.


                                                /s/ James P. O'Hara
                                                James P. O'Hara
                                                United States Magistrate Judge


Respectfully submitted by:


/s/ *Randall K. Rathbun*
Randall K. Rathbun, #09765
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street, Suite 450
Wichita, KS  67206-2936
Telephone:  (316) 262-4000
Facsimile:  (316) 265-3819
E-mail:  bigksufan@aol.com; randy@depewgillen.com

**Attorneys for Plaintiffs**


/s/Sean M. Sturdivan
Sean M. Sturdivan              KS#21286
Sanders, Warren & Russell LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Telephone:  913-234-6100
Facsimile:  913-234-6199
Email:  s.sturdivan@swrllp.com

**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAPRINA R. ALMOSRATI and <br> LINDSEY MOATE, <br>           Plaintiffs, <br> v. <br> SCOTCH INVESTMENT CORP., <br>           Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 11-CV-1301-JWL-JPO <br> ) <br> ) <br> ) <br> ) |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

1. I have been requested to inspect certain material which is confidential within the terms of the Protective Order ("Order") issued by the Court for the purpose of assisting in the preparation for trial of the above captioned matter.

2. I have read the aforesaid Order and I understand the terms therein. I hereby agree to be bound by that Order, and by such other orders as may be made by the Court regarding discovery of confidential material, in the same way that the parties to the action are bound.

3. I hereby agree that, except as set forth in said Order, I will not make copies of any confidential material given to me, I will not communicate the contents of such confidential material to any other person, and I will hold such confidential material in confidence pursuant to the terms of the Order.

4. I hereby agree that at the completion of my function in connection with the above captioned matter, all confidential material received by me will be returned to the person from whom I received it.

                                          _____
                                          Signature

                                          _____
                                          Name (printed)

                                          _____
                                          Title

                                          _____

                                          _____
                                          Address

                                          _____
                                          Telephone Number

Dated this \_\_\_\_\_ day of _____, 201\_\_.

SUBSCRIBED AND SWORN TO before me this \_\_\_\_\_ day of _____, 201\_\_.

                                      _____
                                      Notary Public

My Appointment Expires: